IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE LYN HARVEY d/b/a GLM REALTY GROUP LLC, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CASE NO. 20-CV-2129-E-BK |
| VELOCITY COMMERCIAL CAPITAL LOAN TRUST, BSI FINANCIAL SERVICES, NATIONSTAR MORTGAGE LLC, MD GIBSON & BOLEN PL, AND DT SERVICE CO., | § § § § § § | |
| DEFENDANTS. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Defendant Nationstar Mortgage LLC's *Motion to Dismiss*. Doc. 4. For the reasons that follow, the motion should be **GRANTED**.

**I.   PROCEDURAL HISTORY**

In May 2020, Plaintiff filed this *pro se* action in state court seeking to avoid the foreclosure of a residence she had purchased to refurbish and sell (the "Property"). Doc. 1-6 at 3-4. Plaintiff alleges that she fell behind on her loan payments when the house was damaged in a storm and there was a delay in receiving insurance funds because the insurance company issued the check to the wrong lender. Doc. 1-6 at 4. Plaintiff raises claims for (1) fraud upon the court; (2) fraud in the concealment; (3) breach of contract; (4) "unconscionable contract"; (5) quiet

title; (6) slander of title; (7) violation of the Truth in Lending Act ("TILA"); and (8) violation of the Fair Debt Collection Practices Act ("FDCPA"), and seeks declaratory relief.[1] Doc. 1-6 at 6-17. Defendant Velocity Commercial Capital Loan Trust removed the action to this Court based on federal question jurisdiction. Doc. 1 at 2. Defendant Nationstar Mortgage, LLC ("Nationstar") filed this motion to dismiss shortly thereafter.

## II.   APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Id.* at 572. To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

## III.   ANALYSIS

As an initial matter, Plaintiff represents in her response to Nationstar's motion that if given leave to amend her complaint, she will omit her claims of (1) fraud upon the court, (2) unconscionable contract, (3) breach of fiduciary duty, (4) quiet title and (5) slander of title. Doc. 12 at 13. Plaintiff also concedes that she has not pled her other fraud claim with the required

---

[1] Plaintiff also raises claims of negligence and violations of the Real Estate Settlement Procedures Act, but not against Nationstar. *See* Doc. 1-6 at 11-12, 15-16.

particularity nor has she properly pled an FDCPA claim, and she requests leave to do so. Doc. 12 at 10, 14. Therefore, those claims will not be addressed further. That leaves Plaintiff's claims against Nationstar for breach of contract, violations of TILA, and for declaratory relief.

   *A. Breach of Contract*

Nationstar asserts in its dismissal motion that Plaintiff cannot succeed on her breach of contract action because she admits that she defaulted on her loan payments and thereby failed to tender performance of her payment obligation under the deed and note. Doc. 5 at 6-7. Plaintiff responds that she may be able sustain her claim because her default was precipitated by the insurance payout error. Doc. 12 at 12. She requests leave to amend to "more carefully word the claims." Doc. 12 at 12.

Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted). Plaintiff is admittedly in default under the terms of the deed of trust and note. Plaintiff has thus failed to state a breach of contract claim at this juncture. *Id.* Contrary to Nationstar's suggestion, however, there are some instances in which a borrower's default on a loan does not preclude them from maintaining a breach of contract action against their lender. For example, in *Williams*, the court held that a lender's failure to give the required foreclosure notices was independent of the homeowners' failure to pay on the note. *Id*. at 245. Accordingly, Nationstar's motion to dismiss Plaintiff's breach of contract claim should be granted, but she should be given leave to amend.

*B. Violations of TILA*

Plaintiff alleges in her complaint that "Defendants violated [TILA] by failing [or] refusing to disclose the purported assignments/transfer of the Promissory Note and DOT." Doc. 1-6 at 13-14. The statutory provision in question requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and give the borrower a variety of disclosures. 15 U.S.C. § 1641(g)(1). Nationstar argues that this claim fails because, rather than allege that Nationstar is the "new owner or assignee of the debt," Plaintiff asserts that "Velocity is the Holder of the Note." Doc. 5 at 13 (citing Doc. 1-6 at 4).

Nationstar is correct that Plaintiff's complaint is internally inconsistent. She variously alleges that "Nationstar transferred the servicing to BSI," Doc. 1-6 at 3, "evidence shows the subject Mortgage and Note is owned by Velocity," Doc. 1-6 at 5, "[t]he act of recording the purported assignment to Nationstar and then to BSI Financial and then back to Nationstar has created a break in the chain of title," Doc. 1-6 at 13, and "Velocity is the Holder of the Note, Doc. 1-6 at 5. Nevertheless, Plaintiff may be able to remedy the error if given leave to amend.

*C. Declaratory Relief*

Plaintiff seeks a declaratory judgment to the effect that the title to the Property is vested in her name alone and that Defendants have no interest or right therein. Doc. 1-6 at 17. When a state-filed declaratory judgment action is removed to federal court, it is construed as an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 754 (N.D. Tex. 2013). That act provides that a federal court may declare the rights and legal relations of any interested party. The availability of a

4

declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In this case, Plaintiff's request for declaratory relief depends on her potentially viable claims addressed above. Accordingly, Plaintiff's request for declaratory relief should be dismissed with leave to amend, as with the underlying claims. *See Watson v. CitiMortgage, Inc.*, 814 F.Supp.2d 726, 738 (E.D. Tex. 2011) (declining to dismiss the plaintiff mortgagors' declaratory judgment action where plaintiffs had stated claims against their lender for, *inter alia*, breach of contract).

## IV. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff has not previously been granted leave to amend with respect to the claims discussed above and requests to do so. Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to file an amended complaint which excludes her claims of fraud upon the court, "unconscionable contract," breach of fiduciary duty, quiet title, slander of title, and request for declaratory relief. *Id.*

## V. CONCLUSION

For the foregoing reasons, it is recommended that Nationstar's *Motion to Dismiss*, Doc. 4, be **GRANTED**, to the extent outlined herein. If, within 14 days of the District Judge's Order accepting this recommendation, Plaintiff fails to amend her complaint to cure the deficiencies

noted herein, at the re-urging of Nationstar, the claims against it should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 17, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).