IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE LYN HARVEY d/b/a GLM REALTY GROUP LLC, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CASE NO. 20-CV-2129-E-BK |
| VELOCITY COMMERCIAL CAPITAL LOAN TRUST, BSI FINANCIAL SERVICES, NATIONSTAR MORTGAGE LLC, MD GIBSON & BOLEN PL, AND TD SERVICE CO., | § § § § § § | |
| DEFENDANTS. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court are each Defendants' Motion to Dismiss. Doc. 22; Doc. 24; Doc. 25. For the reasons that follow, the motions should be **GRANTED**.[1]

**I.    PROCEDURAL HISTORY**

In May 2020, Plaintiff filed this *pro se* action in state court seeking to avoid foreclosure on a home she had purchased to refurbish and sell (the "Property"). Doc. 1-6 at 3-4. Plaintiff alleges that she fell behind on her loan payments when the house was damaged in a storm and

---

[1] Also before the Court are Plaintiff's *Motion to Strike Defendants' Motion to Dismiss*, Doc. 29, *Motion to Moot All Pleadings Filed by the Attorneys Until the Attorney's [sic] Prove Subject Matter Jurisdiction on the Court Record*, Doc. 33, and *Motion for Hearing*, Doc. 41. On this date, the undersigned entered an order denying each of these motions.

there was a delay in receiving insurance funds because the insurance company issued the check to the wrong lender.  Doc. 1-6 at 4.  Plaintiff initially claimed, *inter alia*,  (1) fraud; (2) breach of contract; (3) violation of the Truth in Lending Act; and (4) violation of the Fair Debt Collection Practices Act.  Doc. 1-6 at 6-17.

Defendant Velocity Commercial Capital Loan Trust removed the action to this Court based on federal question jurisdiction.  Doc. 1 at 2.  Defendant Nationstar Mortgage, LLC moved to dismiss Plaintiff's complaint shortly thereafter, Doc. 4, and the Court granted the motion but permitted Plaintiff to amend her complaint, Doc. 18.  Plaintiff subsequently filed the operative complaint.  Doc. 21.  All Defendants have now moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For ease of reference, the Court will cite only to the first-filed motion as Defendants' relevant arguments are identical.

## II.   APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

**III.     ANALYSIS**

Among their other arguments, Defendants challenge Plaintiff's standing to bring this action because the Property belongs to her business, GLM Realty Group, LLC ("GLM"). Doc. 23 at 3-4. In support, they point to the deed of trust Plaintiff attached to the amended complaint. Doc. 23 at 4. Plaintiff did not file a response to Defendants' motions to dismiss despite being ordered to do so by June 18, 2021, if she opposed the relief sought. Doc. 28.

"[T]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *In re K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). "[T]he rationale for that rule applies equally to all artificial entities" including partnerships, associations, and the like. *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202 (1993). Therefore, "28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d at 399 (citation omitted).

As a "cross between a corporation and a partnership," a limited liability company is an artificial entity that may only appear in federal court through counsel. *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam); *see also Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-CV-2950-N, 2014 WL 6901201, *1 (N.D. Tex. Dec. 8, 2014) (Godbey, J.) (holding that LLC could not proceed *pro se*). When a fictional entity declines to hire counsel to represent it, the court may dismiss the complaint or strike a defendant's defenses, as applicable. *Moore v.*

*Carrington Mortg. Serv., LLC*, 3:17-CV-3132-G-BN, 2018 WL 3853711, at *3 (N.D. Tex. July 17, 2018) (citing *Donovan*, 736 F.2d at 1005), *adopted by* 2018 WL 3850635 (N.D. Tex. Aug. 13, 2018).

Here, a review of the deed of trust attached to Plaintiff's operative complaint reveals that the owner of the Property is indeed GLM, a limited liability company. Doc. 21 at 42 ("This [deed of trust] is entered into as of March 18, 2019, among GLM Realty Group LLC, a Texas limited liability company [and Trustee] for the use and benefit of Velocity Commercial Capital, LLC"). Accordingly, because GLM is neither an individual nor a sole proprietorship, Plaintiff is not permitted to litigate the instant claims *pro se*; rather, GLM must be represented by an attorney. *See Donovan*, 736 F.2d at 1005. As such, this case is subject to dismissal without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (upholding court's sua sponte dismissal of action under Rule 41(b) for failure to prosecute or for failure to comply with any court order).

Nevertheless, to allow Plaintiff the opportunity to remedy the situation, Plaintiff and/or GLM should be given 14 days from the date this recommendation is accepted to retain counsel to represent GLM in this matter. If this directive is not complied with, Plaintiff's complaint should be dismissed without prejudice. *See Hand of Yhwh Trust v. Dominguez*, No. 2:20-CV-26-Z-BR, 2020 WL 2476423, at *1-2 (N.D. Tex. May 13, 2020) (Kacsmaryk, J.) (dismissing case without prejudice after plaintiff failed to have counsel appear to represent trust).

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motions to Dismiss*, Doc. 22; Doc. 24; Doc. 25, be **GRANTED**. Plaintiff and/or GLM should be ordered to retain licensed counsel to represent it in this litigation within 14 days of the date this recommendation is

accepted.  If Plaintiff and/or GLM fail to timely comply with this directive, this action should be summarily **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on January 10, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and identify where in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5